IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| AUSTIN TANNER,      Plaintiff, | )<br>)<br>) |
| v. | ) CIVIL ACTION NO. 1:20-00540-KD-N<br>) |
| MIDAM VENTURES, LLC, *a Florida*<br>*Limited Liability Company*,<br>     Defendant. | )<br>)<br>) |

## ORDER

The Court's preliminary scheduling order directed "[t]he parties, including pro se parties, … to meet and file a report pursuant to Fed.R.Civ.P. 26(f) as soon as practicable but not later than **May 10, 2021**." (Doc. 9, ¶ A(1), PageID.27). On May 10, 2021, the Defendant filed a unilaterally prepared Rule 26(f) planning report, representing: "[C]ounsel for Defendant attempted to contact Plaintiff on numerous occasions, via phone, email and USPS, to schedule the Parties Planning Meeting. Plaintiff failed to respond at all to counsel for Defendant, and a meeting was not held." (Doc. 15, PageID.36).[1] The Defendant's planning report further states: "In light of the Plaintiff's failure to participate in the Parties' Planning Meeting, his failure to communicate with counsel for Defendant, and his failure to prosecute his lawsuit, Defendant requests that this Court enter an Order dismissing this case, with prejudice, costs taxed to Plaintiff, and award Midam

---

[1] The assigned District Judge has referred the Defendant's planning report to the undersigned Magistrate Judge for appropriate action under 28 U.S.C. § 636(a)-(b), Federal Rule of Civil Procedure 72, and S.D. Ala. GenLR 72(a). *See* S.D. Ala. GenLR 72(b); (5/10/2021 electronic reference).

Ventures, LLC attorney's fess [sic] and costs incurred in defending this lawsuit." (Doc. 15, PageID.36)

In its order granting his former attorney, Earl Underwood, leave to withdraw as counsel of record, the Court informed the Plaintiff, Austin Tanner, that "unless and until he obtains new counsel, he bears the sole responsibility of handling his case, which includes timely responding to the Defendant's motions and discovery requests, following the Court's orders, and complying with all applicable laws and rules of procedure." (Doc. 8, PageID.24). Tanner was expressly advised that the Court would enter a preliminary scheduling order setting "a deadline for the parties to confer and file a planning report as required by Federal Rule of Civil Procedure 26(f)," and was "cautioned that his failure to participate in the conference and the preparation of the report could subject him to sanctions, up to and including dismissal of this action." (*Id.*, PageID.26 (citing Fed. R. Civ. P. 16(f)(1)(C)).[2]

"On motion or on its own, the Court may issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)-(vii), if a party or its attorney … fails to obey a scheduling or other pretrial order." Fed. R. Civ. P. 16(f)(1)(C). The range of sanctions authorized by Rule 16(f) includes "dismissing the action or proceeding in whole or in part…" Fed. R. Civ. P. 37(b)(2)(A)(v). "Instead of or in addition to any other sanction, the court must order the party, its attorney, or both to pay the reasonable expenses—including attorney's fees—incurred because of any noncompliance with

---

[2] None of the Court's orders sent to Tanner at the address provided by his former counsel have been returned to the Court as undeliverable.

[Rule 16], unless the noncompliance was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 16(f)(2).

Upon due consideration, Tanner is hereby granted until no later than **Tuesday, June 1, 2021**, to file and serve a brief, along with any supporting exhibits or other materials, showing cause why this action should not be dismissed with prejudice under Rules 16(f)(1)(C) and 37(b)(2)(A)(v), and why he should not be made to pay the Defendant's "reasonable expenses" under Rule 16(f)(2), as sanctions for failure to obey the preliminary scheduling order (Doc. 9).

**DONE** and **ORDERED** this the 11th day of May 2021.

*/s/ Katherine P. Nelson*
**KATHERINE P. NELSON**
**UNITED STATES MAGISTRATE JUDGE**