IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| AUSTIN TANNER, ) | |
|     Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 1:20-00540-KD-N |
| ) | |
| MIDAM VENTURES, LLC, *a Florida* ) | |
| *Limited Liability Company*, ) | |
|     Defendant. ) | |

## REPORT AND RECOMMENDATION

This civil action is before the Court on the motion of Defendant Midam Ventures, LLC ("Midam") to have this action dismissed this action with prejudice, and to be awarded attorneys' fees and costs incurred in defending this lawsuit, as a sanction for Plaintiff Austin Tanner's failure to participate in a planning meeting under Federal Rule of Civil Procedure 26(f), and preparation of a report of same, as directed by the preliminary scheduling order. (Doc. 15, PageID.36).[1] Tanner, through new counsel, has filed a response in opposition (Doc. 21), Midam has filed a reply to the response (Doc. 22), and the matter is now under submission (*see* Doc. 20). Upon due consideration, the undersigned finds that the request to dismiss this action, and for fees and costs incurred in defending this lawsuit, is due to be **DENIED** in favor of lesser sanctions, as explained herein.

---

[1] The assigned District Judge has referred the Defendant's planning report, including the embedded request to dismiss, to the undersigned Magistrate Judge for appropriate action under 28 U.S.C. § 636(a)-(b), Federal Rule of Civil Procedure 72, and S.D. Ala. GenLR 72(a). *See* S.D. Ala. GenLR 72(b); (5/10/2021 electronic reference).

I.   *Background*

Tanner initiated this action through attorney Earl Underwood, Jr. However, before Midam had even served its answer, Underwood moved for leave to withdraw as counsel of record, asserting that he and Tanner had "reached an irreconcilable disagreement as to how the Case should proceed," and that Underwood had "terminated representation of" Tanner. (Docs. 4, 6). In its order granting Underwood leave to withdraw as counsel of record, the Court informed Tanner that "unless and until he obtains new counsel, he bears the sole responsibility of handling his case, which includes timely responding to the Defendant's motions and discovery requests, following the Court's orders, and complying with all applicable laws and rules of procedure." (Doc. 8, PageID.24). Tanner was expressly advised that the Court would enter a preliminary scheduling order setting "a deadline for the parties to confer and file a planning report as required by Federal Rule of Civil Procedure 26(f)," and was "cautioned that his failure to participate in the conference and the preparation of the report could subject him to sanctions, up to and including dismissal of this action." (*Id.*, PageID.26 (citing Fed. R. Civ. P. 16(f)(1)(C)).

The Court's preliminary scheduling order directed "[t]he parties, including pro se parties, … to meet and file a report pursuant to Fed.R.Civ.P. 26(f) as soon as practicable but not later than **May 10, 2021**." (Doc. 9, ¶ A(1), PageID.27). On May 10, 2021, Midam filed a unilaterally prepared Rule 26(f) planning report, representing: "[C]ounsel for Defendant attempted to contact Plaintiff on numerous occasions, via phone, email and USPS, to schedule the Parties

Planning Meeting. Plaintiff failed to respond at all to counsel for Defendant, and a meeting was not held." (Doc. 15, PageID.36). Midam's planning report further requested: "In light of the Plaintiff's failure to participate in the Parties' Planning Meeting, his failure to communicate with counsel for Defendant, and his failure to prosecute his lawsuit, Defendant requests that this Court enter an Order dismissing this case, with prejudice, costs taxed to Plaintiff, and award Midam Ventures, LLC attorney's fess [sic] and costs incurred in defending this lawsuit." (Doc. 15, PageID.36). By order dated and entered May 11, 2021 (Doc. 16), the Court granted Tanner until June 1, 2021, to show cause why dismissal and attorney's fees should not be imposed as sanctions under Federal Rule of Civil Procedure 16(f) for his failure to obey the preliminary scheduling order.

On that deadline, Tanner, represented by new counsel, filed an "Unopposed Motion for Extension of Time for Rule 26 Initial Disclosures" (Doc. 17), which failed to address the substance of the Court's June 1 show-cause order and instead requested the extension of a deadline that had not even started to run. The Court therefore denied that motion as unnecessary, but also ordered Midam to file notice whether it intended to continue pursuing the sanctions requested in its planning report. (Doc. 18). After Midam timely gave notice that it was not withdrawing its sanctions request (*see* Doc. 19), the Court set further briefing on the matter (*see* Doc. 20), which is now complete (*see* Docs. 21, 22).

## II. *Analysis*

"On motion or on its own, the Court may issue any just orders, including those authorized by [Federal] Rule [of Civil Procedure] 37(b)(2)(A)(ii)-(vii), if a party or its attorney … fails to obey a scheduling or other pretrial order." Fed. R. Civ. P. 16(f)(1)(C). The range of sanctions authorized by Rule 16(f) includes "dismissing the action or proceeding in whole or in part…" Fed. R. Civ. P. 37(b)(2)(A)(v).[2] "While dismissal is an extraordinary remedy, dismissal upon disregard of an order, especially where the litigant has been forewarned, generally is not an abuse of discretion." *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989). However, "the '[d]ismissal of a case with prejudice is considered a sanction of last resort, applicable only in extreme circumstances.' " *Zocaras v. Castro*, 465 F.3d 479, 483 (11th Cir. 2006) (quoting *Goforth v. Owens*, 766 F.2d 1533, 1535 (11th Cir. 1985)). "Dismissal with prejudice is not proper unless 'the district court finds a clear record of delay or willful conduct and that lesser sanctions are inadequate to correct such conduct.' " *Id.* (quoting *Betty K Agencies, Ltd. v. M/V Monada*, 432 F.3d 1333, 1339 (11th Cir. 2005). "Mere negligence or confusion is not sufficient to justify a finding of delay or willful misconduct." *Id.*

Tanner's response to Midam's request for dismissal essentially argues that his *pro se* status should excuse his prior failure to obey the preliminary scheduling order. However, the Court's order granting Underwood leave to withdraw made clear

---

[2] A court may also dismiss an action under Federal Rule of Civil Procedure 41 on motion of the defendant "[i]f the plaintiff fails … to comply with [the Federal Rules of Civil Procedure] or a court order…" Fed. R. Civ. P. 41(b).

that, as a *pro se* plaintiff, he bore "the sole responsibility of handling his case," including "*following the Court's orders...*" (Doc. 8, PageID.24 (emphasis added)). That directive is consistent with both this Court's local rules, *see* S.D. Ala. GenLR 83.5(a) ("All persons proceeding *pro se* shall be bound by, and must comply with, all Local Rules of this Court, as well as the Federal Rules of Civil and Criminal Procedure, unless excused by Court order."), and with Eleventh Circuit precedent. *See Moon*, 863 F.2d at 837 ("[O]nce a *pro se* IFP litigant is in court, he is subject to the relevant law and rules of court, including the Federal Rules of Civil Procedure. These rules provide for sanctions for misconduct and for failure to comply with court orders."); *United States v. Hung Thien Ly*, 646 F.3d 1307, 1315 (11th Cir. 2011) ("A *pro se* [party] must follow the rules of procedure and evidence and the district court has no duty to act as his lawyer…" (citation omitted)). Moreover, Tanner was expressly cautioned that his failure to conference and prepare a report under Rule 26(f) as directed by the preliminary scheduling order "could subject him to sanctions, up to and including dismissal of this action." (Doc. 8, PageID.26).

Tanner does not claim he did not receive any of the Court's orders, and indeed states his awareness "that he bore responsibility for the prosecution of his case…" (Doc. 21, PageID.53). Midam's reply (Doc. 22) details, and presents evidence supporting, several attempts by Midam's counsel to communicate and conference with Tanner in accordance with the preliminary scheduling order, all of which went unanswered. Tanner's response, which is unsupported by affidavits or any other

evidence,[3] vaguely claims he was "unaware of [opposing counsel's] correspondence" but fails to offer any specific explanation of why opposing counsel's mailing, sent to the same address as the Court's orders, and signed for by someone at that address as an "agent" of Tanner (*see* Doc. 22-2, PageID.64), went unanswered, especially as Tanner had been expressly advised by the Court that he would need to conference with opposing counsel.[4]

However, regardless of whether the foregoing constitutes a "clear record of delay or willful conduct," the undersigned finds that a dismissal with prejudice is not an appropriate sanction in this instance, as lesser sanctions are adequate to punish Tanner's conduct and deter similar future conduct. Federal Rule of Civil Procedure 16(f) provides that, "[i]nstead of or in addition to any other sanction, the court must order the party, its attorney, or both to pay the reasonable expenses—including attorney's fees—incurred because of any noncompliance with [Rule 16], unless the noncompliance was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 16(f)(2). Given that Tanner, despite failing to comply with the Court's prior orders, did seek out and obtain new counsel to prosecute this action within a reasonable time, and given that there is currently no indication that similar intransigence will repeat itself under new counsel, the

---

[3] Representations "in an unsworn brief [are] not evidence." *Travaglio v. Am. Exp. Co.*, 735 F.3d 1266, 1269 (11th Cir. 2013).

[4] Tanner's assertion that he has "limited resources to handle a federal lawsuit himself" (Doc. 21, PageID.5) is also a poor excuse for his complete failure to take the simple action of contacting opposing counsel to discuss this case and assist in preparing a proposed schedule for this action.

undersigned finds that ordering Tanner to pay Midam's "reasonable expenses" incurred because of his noncompliance with the preliminary scheduling order is a sufficient sanction to promote respect for court orders and rules.[5]

Courts generally "apply a less stringent standard of review to a District Court's dismissal of a suit without prejudice, because the plaintiff would be able to file his suit again." *Boazman v. Econ. Lab'y, Inc.*, 537 F.2d 210, 212–13 (5th Cir. 1976).[6] Where a dismissal without prejudice "has the effect of precluding [a plaintiff] from refiling his claim due to the running of the statute of limitations[, t]he dismissal [i]s … tantamount to a dismissal with prejudice…" *Burden v. Yates*, 644 F.2d 503, 505 (5th Cir. Unit B May 1981). However, Tanner only asserts claims

---

[5] Midam has requested that it be "awarded attorneys' fees and costs incurred in defending this lawsuit." If the Court ultimately determines that dismissal is appropriate, then Midam, as the prevailing party, would ordinarily be entitled to recover costs, other than attorney's fees, for this action. *See* Fed. R. Civ. P. 54(d)(1). However, Midam has not cited any authority under which it should be awarded full attorney's fees for defending this action. "In the United States, parties are ordinarily required to bear their own attorney's fees—the prevailing party is not entitled to collect from the loser. Under this 'American Rule,' [courts] follow a general practice of not awarding fees to a prevailing party absent explicit statutory authority." *Buckhannon Bd. & Care Home, Inc. v. W. Virginia Dep't of Health & Hum. Res.*, 532 U.S. 598, 602, 121 S. Ct. 1835, 149 L. Ed. 2d 855 (2001) (citation and quotation omitted). Accordingly, even if the Court ultimately determines that dismissal is appropriate, Midam's request for an award of attorney's fees beyond what is permitted by Rule 16(f)(2) should be denied.

[6] On "October 1, 1981 pursuant to the Fifth Circuit Court of Appeals Reorganization Act of 1980, P.L. 96-452, 94 Stat. 1995, … the United States Court of Appeals for the Fifth Circuit was divided into two circuits, the Eleventh and the 'new Fifth.' " *Bonner v. City of Prichard, Ala.*, 661 F.2d 1206, 1207 (11th Cir. 1981) (en banc). "The Eleventh Circuit, in the *en banc* decision *Bonner v. City of Prichard,* 661 F.2d 1206, 1209 (11th Cir.1981), adopted as precedent decisions of the former Fifth Circuit rendered prior to October 1, 1981." *Smith v. Shook*, 237 F.3d 1322, 1325 n.1 (11th Cir. 2001) (per curiam).

under the Telephone Consumer Protection Act (*see* Doc. 1), which has a four-year statute of limitations. *See Solis v. CitiMortgage, Inc.*, 700 F. App'x 965, 970 (11th Cir. 2017) ("The TCPA has a four-year statute of limitations that begins when the cause of action accrues." (citing 28 U.S.C. § 1658(a))). Because the earliest actions underlying his claims occurred in April 2018 (*see* Doc. 1 ¶ 9, PageID.3), a dismissal without prejudice would not be tantamount to a dismissal with prejudice for any part of his claims because he would still have the better part of a year to refile them. Nevertheless, for the same reasons noted above, the undersigned finds that the imposition of "reasonable expenses" against Tanner under Rule 16(f)(2), "instead of" dismissal, is a sufficient sanction to remedy the subject misconduct. Thus, in the exercise of discretion, the undersigned declines to recommend dismissal without prejudice "in addition to" those sanctions.

### III. *Conclusion & Recommendation*

In accordance with the foregoing analysis, and pursuant to 28 U.S.C. § 636(b)(1), Federal Rule of Civil Procedure 72(b)(1), and S.D. Ala. GenLR 72(a)(2)(S), the undersigned **RECOMMENDS** that Midam's motion to have this action dismissed this action with prejudice, and to be awarded attorneys' fees and costs incurred in defending this lawsuit, as a sanction for Tanner's failure to obey the preliminary scheduling order (Doc. 15, PageID.36) be **DENIED**, and that Tanner instead be made to pay Midam's "reasonable expenses" incurred because of his

noncompliance with the preliminary scheduling order under Rule 16(f)(2), in an amount to be determined by separate briefing.[7]

**DONE** and **ORDERED** this the 24th day of June 2021.

*/s/ Katherine P. Nelson*
**KATHERINE P. NELSON**
**UNITED STATES MAGISTRATE JUDGE**

---

[7] A magistrate judge cannot rule on a motion "to involuntarily dismiss an action" without the consent of the parties. *See* 28 U.S.C. § 636(b)(1)(1). However, Midam's separate request for reasonable expenses under Rule 16(f)(2) is a non-dispositive pretrial matter that a magistrate judge can "hear and determine" without the parties' consent, subject to reconsideration by the district judge only if "clearly erroneous or contrary to law." *See id.* Accordingly, if the district judge agrees that Rule 16(f)(2) reasonable expenses should be imposed, whether "instead of or in addition to" dismissal, the district judge may then refer that matter to the undersigned for hearing and determination.

Tanner has already been given two opportunities to show cause why reasonable expenses should not be imposed under Rule 16(f)(2) (*see* Docs. 16, 20), but has failed to show that his "noncompliance was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 16(f)(2). As has already been noted, Tanner's response to the sanctions issue is unsupported by any evidence, offers only vague excuses unsupported by specific details, and essentially claims his *pro se* status alone should excuse his noncompliance, notwithstanding circuit precedent to the contrary, and the Court's prior order explicitly warning him of his responsibilities as a *pro se* litigant. Accordingly, if the Court agrees that imposition of reasonable expenses under Rule 16(f)(2) is an appropriate sanction, then the undersigned **RECOMMENDS** that Tanner should hereafter be limited to challenging only the amount and reasonableness of any requested expenses.

## NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within 14 days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); S.D. Ala. GenLR 72(c). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.