IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| AUSTIN TANNER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Civil Action No. 20-cv-00540-KD-N |
| | ) |
| MIDAM VENTURES, LLC, a Florida | ) |
| Limited Liability Company, | ) |
| | ) |
| Defendant. | ) |

## ORDER

Plaintiff Austin Tanner sued Midam Ventures LLC alleging that Midam contacted Tanner on his cell phone in violation of the Telephone Consumer Protection Act (doc. 1). This action is before the Court on Defendant Midam's Motion for Reasonable Expenses (doc. 27), Midam's Motion to Compel and for Sanctions (doc. 33), Tanner's Motion to Dismiss (doc. 34) and Midam's response (doc. 35).

A. Motion for Reasonable Expenses (doc. 27)

Previously, the Court found that Midam was entitled to an award of its reasonable expenses incurred because of Tanner's noncompliance with the preliminary scheduling order and that Tanner should be limited to challenging only the amount and reasonableness of any expenses requested (doc. 23; doc. 24). The matter was referred to the Magistrate Judge for hearing and determination (Id.). Midam filed its motion for reasonable expenses and an affidavit outlining the work performed, the time expended, and the hourly rates (doc. 27, doc. 27-1). The Magistrate Judge heard the motion on August 11, 2021 (doc. 31). At the hearing, Tanner was given an opportunity to respond. His counsel explained that he did not represent Tanner at that stage of discovery, and therefore, did not know what action was taken on Tanner's behalf or

what action was taken by Midam.  In view of this circumstance, and because Midam had been awarded its reasonable expenses, counsel advised the Court that Tanner was not a wealthy person and asked the Court to exercise its discretion and award reasonable expenses it deemed appropriate. Midam replied that the time expended, the work performed, and the hourly rates were reasonable for a discovery dispute in federal court in this district.

Upon consideration, of the motion and affidavit, and the parties' respective positions as set forth at the hearing, the Court finds that the amount requested - $1,701.25 for attorney fees and $11.55 for expenses for a total of $1,712.80 – is reasonable and appropriate under the circumstances.  Accordingly, Midam's motion (doc. 27) is GRANTED and attorney fees and expenses in the total amount of $1,712.80 are awarded to Midam.

B.  <u>Midam's motion to compel and for sanctions (doc. 33), Tanner's motion to dismiss (doc. 34), and Midam's reply (doc. 35)</u>

Midam served Tanner with its first request for production of documents in August 2021, but Tanner did not respond.  Counsel communicated regarding the lack of production.  However, as of October 2021, Tanner had not responded.  Midam now moves for an order to compel Tanner's response and for an award of "additional sanctions against Tanner including but not limited to the dismissal of the lawsuit, the award of all attorney's fees and costs incurred by Midam" in defending the action, and other sanctions the Court deems appropriate.

Tanner did not respond to the motion.  Instead, Tanner filed a motion to dismiss, wherein he admits that he "does not believe there to be a valid cause of action against [Midam] and dismissal of this claim is in the interest of justice" (doc. 34).  In reply, Midam states that it does not object to dismissal.  However, Midam points out that Tanner was advised early in the action, (after initial disclosures) that Midam did not send the text messages in violation of the Telephone

Consumer Protection Act.  Midam argues that because Tanner now admits there is no valid claim, he should be ordered to pay Midam's attorney's fees and costs incurred in defending this action, and any dismissal should be with prejudice, with all costs taxed to Tanner.

Tanner did not state which rule of procedure applies to his motion to dismiss. However, due to its nature, the Court interprets the motion as made pursuant to Fed. R. Civ. P. 41(a)(2) which provides that, in the absence of a stipulation of dismissal signed by all parties who have appeared or a notice of dismissal filed before an answer or motion for summary judgment, "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." Id. "The basic purpose of Rule 41(a)(2) is to freely permit the plaintiff, with court approval, to voluntarily dismiss an action so long as no other party will be prejudiced." Versa Products, Inc. v. Home Depot, USA, Inc., 387 F.3d 1325, 1327 (11th Cir. 2004) (citation omitted).

However, the "district court enjoys broad discretion in determining whether to allow a voluntary dismissal under Rule 41(a)(2)." Pontenberg v. Boston Scientific Corp., 252 F.3d 1253, 1255 (11th Cir. 2001). "'[I]n most cases, a voluntary dismissal should be granted unless the defendant will suffer clear legal prejudice, *other then* [sic] *the mere prospect of a subsequent lawsuit,* as a result.'" Id. (citation omitted).  "'The crucial question to be determined is, Would the defendant lose any substantial right by the dismissal.'" Id. (citation omitted).  Overall, "[i]n exercising its broad equitable discretion under Rule 41(a)(2), the district court must weigh the relevant equities and do justice between the parties in each case, imposing such costs and attaching such conditions to the dismissal as are deemed appropriate." Id. at 1256 (citation omitted).

Midam does not argue that it will suffer clear legal prejudice.  Instead, Midam agrees to

dismissal but argues any dismissal should be with prejudice with costs taxed to Tanner, and that Tanner should pay all Midam's attorney fees and costs incurred in defending the lawsuit.

Upon consideration, and weighing the relevant equities, and to do justice between the parties, the Court finds that dismissal with prejudice with each party to bear their own costs, attorney's fees and expenses, is appropriate. Pontenberg, 252 F.3d at 1256. Typically, dismissal pursuant to Rule 41(a)(2) is without prejudice.[1] But in this circumstance, where Tanner consistently failed to participate in discovery, and now admits there is no valid cause of action against Midam, dismissal with prejudice is an appropriate condition to the dismissal. However, the equities weigh in favor of denying Midam's request for costs,[2] attorney's fees, and expenses incurred in defending this action as a condition to the dismissal.

Accordingly, Tanner's motion to dismiss (doc. 34) is GRANTED and this action is DISMISSED WITH PREJUDICE and each party shall bear their own costs, attorney fees, and expenses.

Midam's Motion to Compel and for Sanctions (doc. 33) is MOOT.

**DONE** and **ORDERED** this the 10th day of December 2021.

/s / Kristi K. DuBose
**KRISTI K. DuBOSE**
**UNITED STATES DISTRICT JUDGE**

---

[1] See Fed. R.Civ. P. 42(a)(2) ("... Unless otherwise specified in the order, a dismissal under this paragraph is without prejudice.").

[2] Because Midam obtained a voluntary dismissal with prejudice, it is considered a prevailing party; however, costs are not allowed. See Mathews v. Crosby, 480 F. 3d 1265, 1276 (11th Cir. 2007) (finding defendants who were voluntarily dismissed were prevailing parties). See also Fed. R. Civ. P. 54(d)(1) ("Unless a federal statute, these rules or a court order provides otherwise, costs – other than attorney's fees – should be allowed to the prevailing party.").